■ PHILIP HIRSCH, Respondent, v LINDOR REALTY CORP., Appellant. — Motion for resettlement granted and the order of this court entered on March 23, 1982 [87 AD2d 554] (as resettled on June 22, 1982 [88 AD2d 865]) resettled as indicated in the order of this court, and the memorandum decision of this court

in 87 AD2d 554 (as recalled and amended) is once again recalled and amended to read as follows: Judgment of the Supreme Court, New York County (Pecora, J.), entered on May 8, 1981, which declared plaintiff to be the sole and true owner of a consolidated mortgage described therein and possessed of all right, title and interest of defendant corporation which was held to have no right, title or interest in same, is reversed, with costs to the appellant, on the law and the facts, the judgment vacated, and judgment directed to be entered in favor of defendant dismissing the complaint if, within 30 days after entry of the order of this court, the defendant tenders to plaintiff the amount of $55,492.28. If the defendant does not tender payment as provided herein, then the judgment so appealed from is hereby affirmed, with costs to the respondent. Upon the expiration of said 30 days, the prevailing party shall move at Special Term for an order directing the entry of a final judgment. Despite the dates for payment contained in the option agreement, the parties, as was the practice in the previous dealings between them, chose by their actions to waive the established time periods. Only as to the final payment was time considered to be of the essence, and, in this instance, there was a timely tender of payment. Under these circumstances, and where there has been no showing by plaintiff of a change in his position, equity may appropriately intervene to prevent a forfeiture. Resettled order signed and filed. Concur — Ross, J. P., Bloom, Fein and Milonas, JJ.